### 22257. TRAVELERS INSURANCE COMPANY v. TUCK.

STEPHENS, J. 1. Upon the trial of a suit against an insurance company by the insured under two separate certificates of insurance which had been issued to the plaintiff as an employee under a group insurance policy issued to the plaintiff's employer, in which it was provided that the plaintiff would be entitled to benefits for described physical disabilities arising during the employment of the plaintiff and while the policy was in force as to her, where the plaintiff claimed and sued for benefits for permanent and total disability arising during her employment and while the policy was in force as to her, although there was adduced evidence in her behalf that she was in the employ of the employer when the physical disability complained of arose, and had paid to the employer all the premiums required to that date, yet where there was also adduced evidence that, before the plaintiff suffered the physical disability complained of and when she claimed that she was in the employ of the employer and had paid to the employer all premiums required to keep the policy in force as to her, her employment had terminated and the policy had at that time been, as to her, canceled by the employer, and also that she had not continued the payment of premiums until the date when she suffered the disability complained of, and that at the time the disability arose the insurance was not in force as to the plaintiff, the evidence was sufficient to authorize a finding by the jury that at the time the disability arose, the plaintiff had not paid the premiums on the policy to that date, but that her employment had terminated at an earlier date as claimed by the defendant, and that the insurance had at that time been as to her cancelled. It was error for the court to limit the jury to a determination of the issues only as to the time when the plaintiff's employment had ceased, and whether she had suffered a disability which came within the terms of the policy, and thereby exclude any consideration by the jury of the issues as to whether the insurance had as to her been cancelled prior to the disability complained of, and that she had not paid any premiums from the date when the defendant claimed the insurance had been cancelled to the time when the plaintiff claimd the disability complained of arose. This was error prejudicial to the defendant; and since a verdict was found for the plaintiff, this error demands the grant of a new trial to the defendant.

2. Since a new trial is granted, it is unnecessary to pass upon assignments of error which relate to matters that will not necessarily arise upon another trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 3, 1933.

534

*Rosser & Shaw, Wright & Covington,* for plaintiff in error.
*Julius Rink,* contra.